IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION

FILED

May 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES MARION, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | No. 02-C-01-9605-CR-00158 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Joseph B. Dailey, Judge |
| | ) | |
| | ) | (Post-Conviction Relief) |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE. | ) | |

FOR THE APPELLANT:

C. Anne Tipton
Attorney at Law
140 North Third Street
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Ellen H. Pollack
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

James M. Lammey
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED IN PART AND REVERSED IN PART;
JUDGMENT VACATED AND REINSTATED

Joe B. Jones, Presiding Judge

# **O P I N I O N**

The appellant, James Marion[1] (petitioner), appeals as of right from a judgment of the trial court denying his suit for post-conviction relief following an evidentiary hearing. In this Court, he contends the evidence establishes he was denied his constitutional right to the effective assistance of counsel.

Two people testified at the evidentiary hearing, the petitioner and the attorney who represented him in the trial court and in the appellate court. Their respective testimony conflicts as to every material fact save one, and the conflicts in the testimony cannot be reconciled. Therefore, the evidence contained in the record does not preponderate against the findings of fact made by the trial court regarding the representation in the trial court and this Court.

The petitioner testified his attorney never notified him of what occurred in this Court. Counsel testified he did not know whether or not he notified the petitioner of the decision of this Court. The record of the direct appeal reveals that counsel did not seek to withdraw as counsel pursuant to Rule 14, Tennessee Supreme Court Rules. He sought an extension of time to file an application for permission to appeal, but the Supreme Court denied the motion because it was not timely filed. No application for permission to appeal was filed on behalf of the petitioner.

The trial court did not address this specific issue in its findings of fact. It was raised by the petitioner and there is proof in the record concerning this issue. Based upon a review of this record and the record of the direct appeal, it is crystal clear the petitioner was denied his right to file an application for permission to appeal in the Supreme Court pursuant to Rule 11, Tennessee Rules of Appellate Procedure.

The judgment of this Court entered in State v. James E. Marion, Shelby County No. 02-C-1-9406-CR-00126 (Tenn. Crim. App., Jackson, December 14, 1994) is hereby

---

[1]It is the policy of this Court to use the name used in the initial pleading filed in the cause. The petition was brought in the name of "James Marion." When testifying, the petitioner identified himself as "James Earl Marion." He was indicted and convicted as "James E. Marion." The petitioner has styled the case in this Court using the name of "James Earl Marion." All of these names refer to the same person.

vacated and the judgment is reinstated effective on the date the judgment is entered in this case.  This will permit the petitioner to prepare and file an application for permission to appeal.

3

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
CURWOOD WITT, JUDGE